FRANK H. TUTHILL and Others, Appellants, Respondents, v MARGARET ELEANOR FORBES, Individually and as Executrix, etc., of ENOCH R. TUTHILL, Deceased, Appellant, Respondent, Impleaded with CAMMILLA WOODWARD TUTHILL and Others, Defendants.

(First Department, January 22, 1914.)

WILL—ACTION TO DETERMINE VALIDITY OF PROBATE—WHEN ACTION SHOULD NOT BE STAYED BECAUSE COPLAINTIFFS HAVE NOT PAID COSTS IN SURROGATE'S COURT—SECURITY FOR COSTS.

Section 2653a of the Code of Civil Procedure, authorizing an action in the Supreme Court to determine the validity of the probate of a will, does not limit the right to maintain such action to those who filed objections in the Surrogate's Court, but it may be maintained by any persons who are or represent the heirs at law or next of kin of the testator.

Hence, an action under said section should not be stayed merely because some of the parties plaintiff, but who might have been made de-

fendants, were charged with costs in the Surrogate's Court, and have not paid the same.

But where the other plaintiffs, not charged with costs, are non-residents they should be required to give security for costs in such action.

CROSS-APPEALS by the plaintiffs and by the defendant, Margaret Eleanor Forbes Debevoise, sued by the name of Margaret. Eleanor Forbes, individually and as executrix, etc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of December, 1913, made on the motion of the defendant, appellant, to require the plaintiffs to give security for costs and for a stay in proceedings pending compliance with the order.

Edwin P. Kilroe, for the plaintiffs.

Wilson Lee Cannon, for the defendant Forbes.

LAUGHLIN, J.—This is an action pursuant to the provisions of section 2653a of the Code of Civil Procedure to determine the validity of the probate of the will of Enoch R. Tuthill, deceased, which was duly admitted to probate by a decree of one of the surrogates of the county of New York on the 28th day of November, 1911. The probate of the will was contested by the plaintiffs Addie Tibbets Terwilliger and John B. Tuthill, and by a decree of the surrogate costs were awarded against them personally in favor of defendant, appellant, in the sum of ninety-nine dollars and ninety-two cents, and said costs have not been paid. All of the other plaintiffs are non-residents. The court denied the motion for security for costs, but on its own motion ordered that the proceedings on the part of the plaintiffs be stayed until the payment of said costs. All of the plaintiffs have appealed from the order in so far as it stays their

proceedings until the payment of said costs and extends defendants' time to answer, and the defendant Margaret Forbes Debevoise, individually and as executrix, has appealed from the order in so far as her motion for security for costs is thereby denied.

The motion for security for costs is based on the provisions of section 3271 of the Code of Civil Procedure, which confers authority upon the court, in its discretion, in an action brought by or against an administrator or executor in his representative capacity, and in certain other actions, to require the plaintiff to give security for costs. If the only parties plaintiff in this action were those against whom the surrogate awarded costs for having contested the probate of the will without sufficient cause, it might be argued with some degree of force that, notwithtsanding the fact that section 2653a of the Code of Civil Procedure authorizes an action to determine the validity of the probate of a will and contains no provision requiring the plaintiffs in such an action to pay any costs that may have been awarded against them, they ought not to be permitted to prosecute the actión until they pay the costs; but it is not necessary to decide that question or even to express an opinion thereon, for it is not presented for decision. Said section 2653a does not limit the right to bring an action to determine the validity of the probate of a will to those who have filed objections to and have contested the probate of the will. The plaintiffs appellants who did not contest the will are or represent heirs at law or next of kin of the testator. They fall within the express provisions of said section and are thereby authorized to maintain this action. It was not necessary that the two plaintiffs against whom the costs were awarded in the Surrogate's Court should have been joined as plaintiffs; they might have been made parties defendant. The only requirement in that regard contained in said section is that: " All the devisees, legatees and

heirs of the testator and other interested persons, including the executor or administrator, must be parties to the action." The right of the other plaintiffs, therefore, to maintain this action is not affected by any personal judgment against the two plaintiffs who contested the will, and they should not be compelled under the coercion of a stay of their proceedings to satisfy such judgment. On the other hand, if they had made the plaintiffs who contested the will defendants in the action, then all of the plaintiffs would be non-residents and the defendant would be entitled to security for costs as matter of course. (Code Civ. Proc. § 3268.) I am of opinion, therefore, that the court erred in staying the proceedings on the part of the plaintiffs until the payment of the costs awarded against two of the plaintiffs by the decree of the surrogate, and in denying defendant appellant's motion for security for costs.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion for security for costs granted, with ten dollars costs to the defendant, appellant, and said defendant's time to answer extended until twenty days after compliance with the order.

INGRAHAM, P. J., McLAUGHLIN, CLARKE and SCOTT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, motion for security for costs granted, with ten dollars costs, and time to answer extended as indicated in opinion.